```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

ARMAND BRODEUR, individually and     )
on behalf of all others              )
similarly situated,                  )
                                     )
               Plaintiffs,           )
                                     )
     v.                              )     No. 4:05 CV 2418 DDN
                                     )
SWAN FINANCIAL CORPORATION,          )
                                     )
               Defendant.            )

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of plaintiff Armand Brodeur for remand and for attorney fees. (Doc. 12.) A hearing was held on March 28, 2006.

**Background**

Plaintiff commenced this action in the Circuit Court of St. Louis County, alleging that defendant violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1331. Defendant alleges that, because this action arises under 47 U.S.C. § 227 et seq., this court may properly assert jurisdiction over the matter because a federal question of law is at issue. (Doc. 1.)

Plaintiff moved to remand the action, arguing that the TCPA provides that a private cause of action may be brought only in state court. (Doc. 13 at 2.) Additionally, plaintiff seeks attorney fees pursuant to 28 U.S.C. 1447(c). ( Id. at 3.)

Defendant argues that removal is proper because a federal question of law is at issue. Defendant argues that a more recent Seventh Circuit case, which relies on Supreme Court precedent, addresses this issue, and determined that the TCPA does not provide for exclusive state court jurisdiction. (Doc. 17.)

## II. Discussion

### A. Remand

A defendant can remove a claim to federal court only if the claim could have been brought there originally. 28 U.S.C. § 1441(b); Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The propriety of removal to federal court depends on whether the claim falls within the scope of the district court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). Removal statutes are strictly construed; any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). There is a presumption against federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

Defendant argues that this case is properly before this court because the action arises under federal law. "Federal-question jurisdiction exists when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 906 (8th Cir. 2005) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005). "This rule provides that federal jurisdiction may be invoked 'only where a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. (quoting Krispin v. May Dept. Stores Co., 218 F.3d 919, 922 (8th Cir. 2000)).

Here, plaintiff's action arises under 47 U.S.C. § 227, which provides, in relevant part:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, **bring in an appropriate court of that State**–

47 U.S.C. § 227(b)(3) (emphasis added). Plaintiff argues this emphasized language makes jurisdiction for a private right of action under the TCPA exclusive to the state courts.

Defendant disagrees, and relies on Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005), for its proposition that this statute does not provide for exclusive state court jurisdiction. In Brill, the defendant removed the action, claiming that jurisdiction was proper because the parties were diverse and the amount in controversy exceeded the jurisdictional amount. The plaintiff moved to remand, arguing that such actions under the TCPA "*never* may be removed, because state jurisdiction is exclusive." Id. at 447.

The Brill court found that the parties met the requirements for diversity jurisdiction under § 1332, but proceeded to discuss whether states had exclusive jurisdiction under the TCPA. Relying on Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363 (2005)[1] and Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003),[2] the court held that 47 U.S.C. § 227 did "not declare state jurisdiction to be exclusive." Brill, 427 F.3d at 450. The court held that a party's

---

[1] In Grable & Sons, the court held that lack of a private right of action under federal law does not divest the court of federal jurisdiction, when a state law claim contains a disputed and substantial question of federal law, so long as the federal and state balance is not disturbed. 125 S. Ct. at 2368. Plaintiff brought a quiet title action in state court, arguing that a subsequent owner's title was invalid because he had not received notice of the IRS's sale of his property in the exact manner required under 26 U.S.C. § 6335. The defendant in that case removed the quiet title action to federal court, arguing that the claim of title depended on the interpretation of the notice statute in the federal tax law. Id. at 2366. The Supreme Court held that the case was properly removable, as the determination of the case contained a substantial question of federal law. Id. at 2368.

[2] The issue before the Breuer court was whether the Fair Labor Standards Act, 29 U.S.C. § 216(b) which provides "[a]n action to recover the liability prescribed . . . may be maintained against an employer (including a public agency) in any Federal or State court of competent jurisdiction," precluded removal of actions under the act brought in state court. Breuer, 538 U.S. at 694-95. The plaintiff in that case argued that the provision "may be maintained" was an exception to the general removal statute. The court held that actions under the FLSA may be removed because there was no express language in the statute barring removal, and the term "maintain" did not mean "continue" but should be read as "bring" or "file." Id. at 694. The court pointed out many other statutes that expressly prohibit removal, and pointed out that if Congress had desired to limit removal, it had shown itself capable of doing so. Id. at 696-97.

ability to "maintain" a cause of action in state court was not a prohibition on removal. Id. The court noted that § 227(b)(3) did not expressly prohibit removal nor provide that state jurisdiction was exclusive. Id. Further, the Brill court noted that 28 U.S.C. § 1445 listed non-removable actions, and TCPA actions were not included on the list, nor was it included on the list of non-removable actions the Breuer court listed. Id. at 450-51.

The Brill court found unpersuasive the arguments of other jurisdictions who had addressed the question. The court held that the inclusion of specific state court language was not superfluous and did not mean state court jurisdiction was exclusive, but may have been included to avoid an argument that federal jurisdiction was exclusive. Id. at 451. Further, the court found that § 227(f)[3] grants exclusive jurisdictions to the federal courts for actions brought by the states, and the court found that it would be "strange" to make the federal courts have exclusive jurisdiction over those actions while making the state courts the exclusive jurisdiction for actions brought by private plaintiffs. Id. at 451.

However, the overwhelming majority of courts that have addressed this issue have determined that the TCPA vests exclusive jurisdiction over TCPA claims in the state courts. Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., No. 04-32163, 2004 WL 3239533 (6th Cir. Dec. 16, 2004); Murphy v. Lanier, 204 F.3d 911 (9th Cir. 2000); Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3rd Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997); Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146 (4th Cir. 1997).

---

[3] 47 U.S.C. § 224(f) provides, in relevant part:
(f) Actions by States
\* \* \*
(2) Exclusive jurisdiction of Federal courts

The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection.

These courts have focused on the language of the statute, Congressional history, and the purpose behind the law. Several of the courts concluded that, by exclusively mentioning state courts, Congress intended to give state courts exclusive jurisdiction. Had they not mentioned state courts, both federal and state courts would have had concurrent jurisdiction, and, therefore, they must have meant something different. See Int'l Sci., 106 F.3d at 1152; Chair King, 131 F.3d at 511; Nicholson, 1336 F.3d at 1288.

Further, many of these courts looked to the legislative history surrounding the TCPA, and concluded that Congress intended for this statute to be enforced in state courts. The Chair King court discussed Senator Hollings's explanation of the bill:

> He explained that the private right of action was intended to make it easier for consumers to recover damages. The provision, he continued, would allow consumers to bring an action in state court. Senator Hollings indicated the question of proper venue within the state was left for state legislatures to decide as this was constitutionally a matter for the states, not the federal government, to decide. Nevertheless, he expressed his hope that "[s]tates will make it as easy as possible for consumers to bring such actions, preferably in small claims court."
>
> * * *
>
> Support for [exclusive state court jurisdiction] may be found by examining the language of the statute as enacted in light of the senator's statements. Senator Hollings indicated the intent of the bill was for consumers to easily be able to enforce the bill by recovering damages. He emphasized states should facilitate this by providing fora in which consumers could appear without an attorney. The statute's text evidences Senator Hollings's hopes as it provides for the right of action in state court, but gives states discretion over its administration.

Chair King, 131 F.3d at 513; see also Int'l Sci., 106 F.3d at 1152. The courts held that Congress saw claims rising under the Act as small claims best handled by state courts. "[S]tate courts were the intended fora for private TCPA action." Int'l Sci., 1063 F.3d at 1153.

Further, the purpose of the bill, when enacted, was to aid states in enforcing their already-existing laws in this area, enforcement of which was hindered due to their inability to regulate interstate

commerce.  The TCPA "allow[s] states, in effect, to enforce regulation of interstate commerce."  Chair King, 131 F.3d at 513.

Considering the above, this court agrees with the majority of circuits that have held 47 U.S.C. § 227(b)(3) does not provide a basis for federal question jurisdiction.  The purpose of the statute was to enable state enforcement of non-consensual telemarketing.  Van Bergen v. State of Minnesota, 59 F.3d 1541, 1547-48 (8th Cir. 1995) ("TCPA was intended not to supplant state law, but to provide interstitial law preventing evasion of state law by calling across state lines.")  The legislative history indicates Congress considered private actions brought by citizens to be necessary for enforcement, but that such cases would be small in nature, and could possibly be resolved in small claims court.  See Chair King, 131 F.3d at 513.

Further, while the statute does not expressly state that state jurisdiction is exclusive, to interpret the statute as allowing concurrent jurisdiction would render the mentioning of state courts unnecessary.  The drafters of the statute could have excluded the language "bring in an appropriate court of that State" and the meaning would have been the same; state courts are courts of general jurisdiction and can "assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."  Chair King, 131 F.3d at 512.  Courts should not interpret a statute in such a way that renders language superfluous or unnecessary.  United States v. Walker, 393 F.3d 819, 826 (8th Cir. 2005).

Further, the Brill court had a basis for jurisdiction besides federal question.  This is not the case here, where the removing party does not assert the parties are diverse and where the action was not removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The only asserted basis for removal is the existence of a federal question,[4]

---

[4]Neither party has argued that diversity jurisdiction is a basis for jurisdiction, and this court is without enough facts to determine whether it exists.  However, this court will note that there is yet another split in decisions on whether the TCPA vests exclusive jurisdiction in the state courts, or whether it is just not a basis for

and courts have consistently held that the TCPA does not extend jurisdiction to courts based on a federal question of law. "[T]he general jurisdiction grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere." Nicholson, 136 F.3d at 1289; Pulido v. Bennett, 848 F.2d 880, 886 (8th Cir. 1988).

The Supreme Court decisions in Grable and Breuer do not change the analysis in the previous appellate court decisions. In Grable, there was no similar statutory language providing for state court jurisdiction, while not mentioning federal jurisdiction, as there is in the instant case. In Breuer, the statute provided that a suit may be maintained in state or federal court; in the instant case, the statute's language is different and does not provide that an action can be brought in federal court. In fact, that differing language is the very basis for the dispute here.

This court agrees with the other courts within this district and this circuit who have held the TCPA does not support a grant of federal question jurisdiction to this court. E.g. J.C. Corporate Management, Inc. v. Resource Bank, No. 4:05CV00716, 2005 WL 2206086 (E.D. Mo. Sept. 12, 2005) (federal courts do not have jurisdiction over TCPA cases based on federal question jurisdiction); Barry v. Dell Computer Corp., No. 00-939, 2000 WL 34494809 (D. Minn. Oct. 18, 2000) (presumption against federal jurisdiction "dictates a finding of exclusive state jurisdiction.").

## B. Attorney Fees

Plaintiff has also moved for attorney fees pursuant to 28 U.S.C. § 1447(c).

---

federal question jurisdiction. J.C. Corporate, 2005 WL 2206086 (E.D. Mo. Sept. 12, 2005) (federal courts do not have jurisdiction over TCPA cases based on federal question jurisdiction); Travel Travel Kirkwood, Inc. v. Oceana Cruises, Inc., No. 4:05CV4534, 2005 WL 1941644 (E.D. Mo. July 20, 2005) (TCPA does allow removal based on diversity jurisdiction); Barry, 2000 WL 34494809 (D. Minn. Oct. 18, 2000) (exclusive jurisdiction in state courts). The court need not address this issue, as it is not before the court.

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

<u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 711 (2005). Because there is a split in appellate court decisions on this issue, and no Eighth Circuit appellate court decision, defendant was not objectively unreasonable in removing this action.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff for remand (Doc. 12) is sustained. The action is hereby remanded to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that the motion of plaintiff for attorney fees is denied.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 11, 2006.